UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL LEMKE, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>)<br>JESSE WILLIAMS, )<br>)<br>    Respondent. ) | CASE NO. 3:05 CV 2055<br><br>JUDGE DONALD C. NUGENT<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

On August 24, 2005, petitioner pro se Paul Lemke filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Lemke is confined in an Ohio penal institution, having been convicted of aggravated robbery with a gun specification. For the reasons stated below, the petition is denied and this action dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Among the grounds sought to be raised in the petition, Lemke asserts that he was denied the effective assistance of

appellate counsel. It is clear on the face of the petition that this issue has yet to be properly exhausted in the Ohio courts, as the Ohio Supreme Court has held that it may still be pursued in a motion for delayed reconsideration. State v. Murnahan, 63 Ohio St.3d 60 (1992); see also, Ohio R.App.P. 26.

Because the asserted ineffectiveness of appellate counsel has never been properly raised in state court and is thus not cognizable here, the petition apparently presents both exhausted and unexhausted claims. It is therefore subject to the rule of Rose v. Lundy, 455 U.S. 509 (1982), that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims. [footnote omitted]." Id. at 522.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P.22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

_____ 10/21/05
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

2